**Bor ENKHJARGAL, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–74483.

United States Court of Appeals, Ninth Circuit.

Submitted March 17, 2016.*

Filed March 21, 2016.

Thipphavone Ark, Law Office of Thipphavone Ark San Francisco, CA, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Kevin James Conway, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM **

Bor Enkhjargal is a native and citizen of Mongolia who seeks review of the Board of Immigration Appeals' ("BIA") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The Immigration Judge ("IJ") found that Enkhjargal's testimony lacked credibility and, alternatively, that the application for asylum was time barred. The BIA concluded that the IJ's credibility determination was not clearly erroneous and dismissed the appeal. Because the adverse credibility determination was dispositive, the BIA did not reach the issues of whether Enkhjargal's asylum claim was time barred or whether she had established a proper nexus between the harm she suffered and a protected ground. We affirm and deny the petition.

Enkhjargal filed her application for asylum in March of 2008 and is subject to the REAL ID Act. The Act does not afford applicants a presumption of credibility. 8 U.S.C. § 1158(b)(1)(B)(iii). Credibility determinations must be made under the "totality of the circumstances," taking into account "all relevant factors," including the applicant's responsiveness, the plausibility and consistency of the applicant's account, and any inaccuracies in the applicant's statements, whether or not such inaccuracies "go [ ] to the heart of the applicant's claim." *Id.*

We review adverse credibility determinations for substantial evidence. *Malkandi v. Holder,* 576 F.3d 906, 908 (9th Cir. 2009). Under this standard "[f]or each factor forming the basis of an adverse credibility determination, the IJ should refer to specific instances in the record that support a conclusion that the factor undermines credibility.... When an inconsistency is cited as a factor supporting an adverse credibility determination, that inconsistency should not be a mere trivial error ... and the petitioner's explanation for the inconsistency, if any, should be considered in weighing credibility." *Shrestha v. Holder,* 590 F.3d 1034, 1044 (9th Cir.2010).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Here, substantial evidence supports the BIA's decision. Both the BIA and the IJ cited to specific and cogent reasons to support the adverse credibility determination. *See id.* at 1044. In concluding that the IJ's adverse credibility determination was not "clearly erroneous," the BIA specifically noted the IJ's findings regarding Enkhjargal's inconsistent statements about her husband and persecutor, a police officer named Batcayar. The BIA agreed with the IJ that Enkhjargal's explanations were insufficient to rectify the discrepancy in her testimony.

The BIA also correctly credited the IJ's findings that Enkhjargal's corroborating evidence with respect to her marriage and subsequent hospitalization was either flawed or non-existent. *See id.* at 1047 ("[W]e may not reverse the IJ's and BIA's conclusion that [the petitioner] should have been able to obtain [ ] supportive affidavit[s] ... to corroborate h[er] claims ... unless 'a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.'") (quoting 8 U.S.C. § 1252(b)(4)).

In the absence of credible support for Enkhjargal's claims, the BIA's conclusion that the IJ properly denied her application for asylum and withholding of removal is supported by substantial evidence, as is the denial of protection under CAT. *See Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir.2015) ("[W]hen a petitioner's 'claims under [CAT] are based on the same statements ... that the BIA determined to be not. credible' in the asylum context, the agency may rely upon the same credibility determination in denying both the asylum and CAT claims.") (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003)).

Enkhjargal also claims that her hearing before the IJ was full of mistranslations; however, she did not supply any specific instances of mistranslation. The BIA concluded that Enkhjargal had, therefore, waived this argument. We agree. *See Martinez–Serrano v. I.N.S.*, 94 F.3d 1256, 1260 (9th Cir.1996) (By "fail[ing] to address how the BIA [erred,] [the petitioner] has thereby waived this issue.").

PETITION DENIED.

WARDLAW, Circuit Judge, dissenting:

I respectfully dissent. Although applicants are not entitled to a presumption of credibility under the REAL ID Act, it remains incumbent upon the IJ to "provide specific and cogent reasons in support of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir.2010) (quoting *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir.2009)). "[T]rivial inconsistencies" do not suffice. *Id.* Here, the IJ "la[id her] cards on the table" and admitted that she "d[idn't] have a lot of cogent reasons" to support her adverse credibility determination. Instead, she relied on trivial discrepancies that appear to have resulted from translation problems rather than false testimony or evasion. I would therefore grant Ms. Enkhjargal's petition and remand to the agency for consideration of the nexus and time-bar issues.